IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **MARY LAWSON** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No._____ |
| ) | |
| **RADIUS GLOBAL SOLUTIONS, LLC** ) | |
| ) | |
| Serve: ) | |
| **James Eccleston, Manager** ) | |
| **50 W. Skippack Pike, Ambler, PA 19002** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

Plaintiff, Mary Virginia Lawson ("Plaintiff"), for her Complaint against Defendant, Radius Global Solutions ("Radius Global"), states as follows:

1. This is a civil action seeking monetary damages for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692(k)(d) and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

3. Plaintiff, Mary Virginia Lawson, is a natural person who resides in Alexandria, Virginia. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

4. Defendant, Radius Global Solutions, is a "debt collector" as defined by 15 U.S.C. § 1692a(6), in that they held themselves out to be a company collecting a consumer debt allegedly

1

owed by Plaintiff.  Radius Global maintains its corporate headquarters at 50 West Skippack Pike, Ambler, PA 19002.

## FACTUAL ALLEGATIONS

5. Radius Global is attempting to collect a consumer debt allegedly owed as defined by 15 U.S.C. § 1692a(5), namely, a credit card debt allegedly owed by Plaintiff to TD Bank, NA in the amount of $1,470.57.

6. Radius Global regularly engages in the collection of delinquent consumer debts.

7. On or about June 15, 2018, Radius Global sent a demand letter to Plaintiff attempting to collect the alleged debt.  In the letter, Radius Global outlined Plaintiff's 30-day validation rights.

8. On or about July 30, 2018, K.M. Khan Law, on behalf of Plaintiff, sent a letter to Radius Global via certified mail stating that the firm represents Plaintiff with respect to the debt and requesting that the debt be discharged.  A true copy of the July 30, 2018, Letter is appended to this Complaint as Exhibit A and is incorporated herein by reference.

9. The FDCPA provides, in pertinent part, that: "[A]fter the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reacontsonable period of time to communication from the debt collector." 15 U.S.C. § 1692b(6).

10. The FDCPA goes on to state that: "Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt. . .

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.  15 U.S.C. § 1692c(a)(2).

11.     Despite having actual knowledge that an attorney represented Plaintiff with respect to the debt, Radius Global continued to communicate directly with Plaintiff in an attempt to collect the debt by sending her collection letters and calling her home phone.  Specifically, on February 15, 2019, Radius Global sent Plaintiff another written notice attempting the collect the debt.  A true copy of the February 15, 2019, Notice is appended to this Complaint as <u>Exhibit B</u> and is incorporated herein by reference.  On February 21, 2019, Radius Global called Plaintiff's home telephone.

12.     As a direct consequence of Radius Global's collection activities, Plaintiff has suffered economic loss, embarrassment, humiliation, emotional distress and trauma, anguish, stress, indignity, anxiety, attorney's fees, costs, and other out of pocket expenses.

### **COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
### **15 USC §1692b, 1692c, 1692d, 1692e, *et seq.***

13.     The foregoing allegations are incorporated into this Count as if re-alleged specifically.

14.     Radius Global communications directed to Plaintiff after it was advised that she was represented by counsel violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(6), 1692c(a)(2), 1692d preface, 1692d(5), 1692e preface, 1692(e)(1).

15.     Radius Global's violations are willful and intentional.

16. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1692k.

## JURY DEMAND

17. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mary Lawson, respectfully requests that this Court enter judgment in her favor and against Defendant as follows:

a. Statutory damages as provided for by 15 U.S.C. § 1692(k) of the FDCPA;

b. Actual damages as provided for by 15 U.S.C. § 1692(k) of the FDCPA;

c. All reasonable attorneys' fees, court costs, and other litigation costs incurred by Plaintiff; and

d. Any such other and further relief may be appropriate in the circumstances.

Dated: April 2, 2019　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　D. Margeaux Thomas (VA BAR # 75582)
　　　　　　　　　　　　　　　　　　　　THE THOMAS LAW OFFICE PLC
　　　　　　　　　　　　　　　　　　　　11130 Fairfax Boulevard, Suite 200-G
　　　　　　　　　　　　　　　　　　　　Fairfax, VA 22030
　　　　　　　　　　　　　　　　　　　　Telephone: 703.957.2577
　　　　　　　　　　　　　　　　　　　　Facsimile: 703.957.2578
　　　　　　　　　　　　　　　　　　　　mthomas@thomaslawplc.com
　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*